THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAKEIYA WRIGHT :
:
   Plaintiff :
v. :
:
TERRY CACCIUTTI, et al., : 3:12-CV-1682
: (JUDGE MARIANI)
   Defendants :
v. :
:
KURT CARTER :
   Additional Defendant :

## MEMORANDUM OPINION

### I. Introduction

Presently before the Court is a motion for summary judgment filed by Defendants SCI Janitorial Services, Inc. and Warren and Pat Toder (Doc. 68).[1] Plaintiff, Takeiya Wright, filed this action to recover damages as a result of an alleged slip and fall on snow and ice at a property owned by co-defendants John and Terry Cacciutti (Pl. First Am. Comp., Doc. 30, at ¶¶ 2, 10). Defendants Cacciutti and Additional Defendant Kurt Carter have also filed motions for summary judgment. The Court will address those motions in separate opinions.

---

[1] Only SCI Janitorial Services, Inc. filed a motion for summary judgment. However, Warren and Pat Toder, the owners of SCI Janitorial, are also named as defendants in Plaintiff's First Amended Complaint (Doc. 30). SCI Janitorial claims that the parties have agreed to dismiss the Toders from the case (Def. SCI Janitorial Services, Inc. Mot. for Summ. J., Doc. 68, fn. 1), but requests that the motion be applied to the Toders if they are still parties in this action at the time the Court addresses SCI Janitorial's motion for summary judgment (Id.). There has been no stipulation regarding dismissal of the Toders and they therefore remain defendants in this action and for the purpose of this motion.

For the reasons set forth below, the Court will deny SCI Janitorial's Motion for Summary Judgment due to several genuine issues of material fact which must be resolved at trial.

## II. Undisputed Statement of Facts

From January 27, 2011 through January 30, 2011, Plaintiff and her friends stayed at a ski chalet owned by the Cacciuttis (Statement of Mat. Facts in Supp. of Mot. for Summ. J. of SCI Janitorial Services, Inc., Doc. 70, at ¶ 1; Mot. for Summ. J. of Def. SCI Janitorial Services, Inc., Doc. 68, at ¶ 3). On January 30, Plaintiff and her friends planned to leave the ski chalet (Doc. 68, at ¶ 13). She left the house and walked outside to her friend's vehicle, placed an item on the passenger side, and then placed her luggage in the trunk (*Id.* at ¶ 14). Plaintiff returned to the passenger side of the car to answer a phone call and talked on the phone inside the car for several minutes (*Id.* at 15). As she exited the car and began walking, she fell to the ground, although the parties dispute the reason for this fall (*Id.* at 16; Doc. 73, at 16). In describing the circumstances surrounding her fall, Plaintiff stated during her deposition:

> Q. Okay. At some point, did you figure out what it is that caused to you fall (sic)?
>
> A. I mean, my – I would think that it was something because it was snow on the ground. And then as I was walking it was ice underneath there.
>
> Q. Did you actually see the ice?
>
> A. I mean, there was snow on top of the ground.

2

Q. Did you actually see the ice at some point?

A. Not visible to my eye.

(Dep. of Takeiya Wright, at 58). Plaintiff asserts that as a result of this fall, she suffered a bi-mal fracture of her ankle and now has ongoing pain, discomfort, and walks with a limp (Pl.'s Brief in Opp. of Def. SCI Janitorial Services, Inc.'s Mot. For Summ. J., Doc. 75, at 3).

Prior to Plaintiff's fall on January 30, 2011, Defendant John Cacciutti had entered into a verbal agreement with SCI Janitorial through its owners, Warren and Pat Toder (Doc. 68, at ¶ 4). SCI Janitorial provided cleaning services inside the ski chalet, although whether their responsibilities also extended to snow removal on the property is in dispute (Doc. 68, at ¶¶ 4-6; Pl.'s Answer/Opp. to Def. SCI Janitorial Services, Inc.'s Mot. For Summ. J., Doc 73, at ¶ 4-6). Defendant Cacciutti also stated that there was a verbal agreement with Paul Benesz to provide snow and ice services for the chalet (Doc. 68, at ¶¶ 8, 9).

### III. Standard of Review

Through summary adjudication, the court may dispose of those claims that do not present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir.1990). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912, 113 S. Ct. 1262, 122 L. Ed. 2d 659 (1993).

### IV. Statement of Disputed Facts

In accordance with the summary judgment standards explained in Section III, *supra*, it is clear that several genuine disputes of material fact exist in this case that cannot be resolved on summary judgment. Because this is Defendant SCI Janitorial's motion for summary judgment, the Court must draw all reasonable inferences in favor of Wright, the Plaintiff.

In summary, the material facts that remain in dispute are as follows:

4

*1. Whether there was ice on the ground at the time Plaintiff slipped and whether this ice was the cause of her fall.*

It is uncontested that the driveway had snow on it at the time of Plaintiff's fall. Nonetheless, SCI Janitorial points to Plaintiff's testimony, wherein she admits to not specifically seeing the ice, as evidence that ice was not the cause of her fall and/or that ice was not present at this location (Memo. Of Law In Support of Def. SCI Janitorial Services, Inc.'s Mot. for Summ. J., Doc. 69, at 7, 11). Furthermore, the Toders claimed that they did not see ice when they examined the area of the alleged slip and fall several days later. However, Carter testified that it was slippery when he walked outside on January 30 and that he warned others to be careful (Dep. of Kurt Carter, at 38-39, 68-69).

Additionally, the Plaintiff's liability expert report states that:

> On the days prior to this incident, there was a cold and snowy period in the Lackawaxen area, with a winter storm leaving about 12" of snow on January 26th into the 27th. The period from the 27th through the 30th was cold with occasional light snow following the larger storm. The temperatures on the day of the incident were between 19 and 26 degrees and it was approximately 27 degrees at 10:30 AM . . . .

(Doc. 72-1, at 8). Given the testimony and weather conditions, a jury could reasonably find that ice was present and that this ice was a factual cause of Plaintiff's fall. Therefore, there is a genuine dispute regarding both the presence of ice and whether it was the factual cause of Plaintiff's fall.

*2. Whether the conditions were generally slippery and, if so, whether the snow was allowed to unreasonably accumulate without removal for an unreasonable amount of time.*

SCI Janitorial argues the doctrine of hills and ridges precludes Plaintiff's negligence claims (Doc. 69, at 12-14). To recover under the hills and ridges doctrine, a plaintiff must demonstrate:

> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians traveling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Rinaldi v. Levine*, 176 A.2d 623, 625-626 (Pa. 1962). Additionally, for liability to attach, the dangerous conditions must be allowed to remain for an unreasonable length of time. *Id.* at 625. This doctrine does not apply where the ice is localized and there are not general slippery conditions in the community. *Williams v. U.S.*, 507 F. Supp. 121, 123 (E.D. Pa. 1981) (citing *Bacsick v. Barnes*, 341 A.2d 157, 160 (Pa. Super. 1975)).

Here, while there is no disagreement that it had been snowing over the past three days, and that there was snow on the ground, the plaintiff argues that the ice was isolated and therefore the hills and ridges doctrine is inapplicable (Doc. 75, at 11-14). As such, they point to the undisputed facts that she was able to walk to the car, and subsequently around the car to place her luggage in the trunk, as well as walking to say good-bye to her friends and then back to the car to answer her phone (*Id.* at 12-13). Furthermore, there were no other reports of anyone falling and no one else complained about slippery conditions (*Id.*).

While Defendants do not specifically argue that the conditions were generally slippery, given their invocation of the doctrine, the Court assumes they take such a position and finds that the amount of snow fall over the three days, in conjunction with the below freezing temperatures, raise a question of fact as to whether the ice was limited to the area where Plaintiff fell.

In turn, SCI Janitorial contends that "there has been no evidence or testimony that there existed at the time and place complained, hills and ridges of such elevation that would satisfy this doctrine"[2] (Doc. 69, at 13). However, Plaintiff has produced expert testimony that approximately 12 inches of snow had fallen the day that Wright's party arrived at the property and that it continued snowing over the next three days (Doc. 72-1, at 8). Both Wright and Carter similarly testified to the continuing snowfall for the duration of the trip (Doc. 58, at ¶ 42; Doc. 67, at ¶ 42). Wright also provided several photographs taken on January 28, 2011, depicting the accumulation of snow around the property. During the three days, Carter stated that he did not recall anyone plowing or salting the area, although he does not discount the possibility that someone may have (Dep. of Kurt Carter, at 53-54, 66). Therefore, SCI Janitorial has failed to establish the absence of a genuine issue of material fact as to the amount of snow accumulation or the period of time over which it may have accumulated and remained on the property.

---

[2] The above quote from Defendant's brief appears to present an argument that would refute the very doctrine of "hills and ridges" upon which their motion is, at least in part, based. For purpose of clarity, and in the interests of fairness, we note here that we do recognize SCI Janitorial's assertion of the hills and ridges doctrine as a defense in this case, notwithstanding the somewhat inartful statement quoted above that "there has been no evidence or testimony that there existed . . . hills and ridges of such elevation that would satisfy this doctrine."

7

No Defendant has produced records that any plowing or salting took place during the three days in question, or any other evidence that would present undisputed facts in support of their motion. Consequently, there is sufficient evidence to create a question of material fact as to whether there was an unreasonable accumulation of snow over the plaintiff's trip and whether this accumulation lasted for an unreasonable period of time.

3. *Whether SCI Janitorial was negligent, and if so, whether Plaintiff's negligence, if any, contributed to her slip and fall.*

To impose liability on a defendant in a negligence action, a plaintiff must establish:

> the existence of a duty or obligation recognized by law; a failure on the part of the defendant to conform to that duty, or a breach thereof; a causal connection between the defendant's breach and the resulting injury; and actual loss or damage suffered by the complainant.

*Orner v. Mallick*, 527 A.2d 521, 523 (Pa. 1987). However, under Pennsylvania's comparative negligence statute, a plaintiff cannot recover if his or her negligence is "greater than the causal negligence of the defendant or defendants against whom recovery is sought." 42 PA. CONS. STAT. ANN. § 7102 (2011).

Here, the defendants owe the plaintiff any duties that they have contractually assumed or that the Cacciuttis delegated to them via contract. SCI Janitorial claims that no such duty to the plaintiff exists (Doc. 69, at 9). The company did not own the land, and only had an oral contract with the Cacciuttis. Therefore, the first factual issue that must be resolved to determine any negligence on the part of SCI Janitorial is the scope of their duties undertaken for the Cacciuttis. Warren Toder testified that SCI Janitorial is "basically

8

just a residential/commercial cleaning service" and that if he sees that something is broken or needs to be fixed, he will sometimes email the owner and take pictures but then "just pass[es] along the information and [the owner] gets his own contractors to do whatever he needs to do" (Dep. of Warren Toder, at 14, 16). John Cacciutti testified that he "contract[s] with someone in the area that does snow plowing" (referencing Paul Benesz) and that the Toders are only involved in snow removal to the extent that "they're to notice something that should be brought to my attention . . . but if they don't notice something, they're not the person responsible for shoveling" (John Cacciutti Dep., at 38-40).

However, Warren Toder also testified that if there was four inches or more of snow, he would call Benesz and tell him to go out and plow and that the decision to plow was made based on Toder's personal observations (Warren Toder Dep., at 38-39). Plaintiff also points to Warren Toder's response, on behalf of SCI Janitorial, to Plaintiff's Premise Liability Interrogatories as evidence that SCI was responsible for snow and ice removal on the property at issue.

> Q - 3. If anyone other than the owner has any interest, custody, or possession or was in charge of removal of snow and ice on such premises, more specifically to the surfaces of the driveways and walkways, state: (a) the name and address of such person, firm, or corporation; (b) the nature and extent of such interest, custody, possession or charge; (c) any and all written Agreements supporting this contention. . . .
>
> A - 3. Answering Defendants, through the corporation, retained Mr. Benesz to perform snow and ice removal services for the premises identified in the Complaint. There is no contract for those services. . . .

9

(Pl.'s First Set of Interr. Dir. To Def. SCI Janitorial Services, Inc.; Def. Warren and Pat Toder's Ans. To Interr. And Premises Liability Interr.). Therefore, the scope of SCI's duties and whether they contractually assumed any duties or were contractually delegated any duties related to snow removal or identifying the need for snow removal and arranging for that removal by the Cacciuttis are questions of material fact for the jury.

If a jury determines that Defendants owed Plaintiff a duty, and given that Plaintiff has provided evidence of damages in the form of a bi-mal fracture of her ankle, a jury must subsequently determine whether the defendants breached their duty and whether this breach was the factual cause of the plaintiff's injuries. As discussed in (2), *supra*, several factual issues must be resolved in order to determine whether Defendants dealt with the snow or ice in a way that breached a duty to persons on the property. The weather over the course of Plaintiff's trip; any accumulation of snow on the Cacciuttis' property; the determination of the need for snow removal; and the removal, if any, of snow during the three days in question, all play a part in determining whether Defendants, in fulfilling any duty that a jury determines they had, took reasonable steps to protect Plaintiff, and if not, whether their breach caused Plaintiff's fall. Conversely, even if Defendants breached their duty and this was a factual cause of Plaintiff's fall, there is a material question as to whether Plaintiff was responsible, if at all, for her own injuries. In the absence of undisputed facts on this multitude of issues, the Court is in no position to determine either party's level of

negligence, or the percentage of fault that can be allocated between the Plaintiff and Defendants.

## V. Conclusion

For the foregoing reasons, the Court will deny Defendants SCI Janitorial, Inc.'s Motion for Summary Judgment (Doc. 68). A separate Order follows.

Robert D. Mariani
United States District Judge