THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAKEIYA WRIGHT :
:
    Plaintiff :
  v. :
:
TERRY CACCIUTTI, et al., : 3:12-CV-1682
: (JUDGE MARIANI)
    Defendants :
  v. :
:
KURT CARTER :
    Additional Defendant :

## MEMORANDUM OPINION

### I. Introduction

Presently before the Court is a motion for summary judgment filed by Additional Defendant Kurt Carter (Doc. 59). Defendants Terry and John Cacciutti filed a joinder complaint against Carter on December 6, 2012 (Doc. 34) subsequent to an action filed against them by Plaintiff, Takeiya Wright, to recover damages as a result of an alleged slip and fall on snow and ice at a property owned by the Cacciuttis (Pl. First Am. Comp., Doc. 30, at ¶¶ 2, 10). Defendants Cacciutti and SCI Janitorial Services, Inc. have each also filed motions for summary judgment. The Court will address those motions in separate opinions.

For the reasons set forth below, the Court will deny Defendant Carter's Motion for Summary Judgment due to several genuine issues of material fact which must be resolved at trial.

## II. Undisputed Statement of Facts

Defendant Carter leased a ski chalet owned by Defendants Terry and John Cacciutti in Lackawaxen, Pennsylvania for a vacation with his party, including Plaintiff Wright, from January 27 through January 30, 2011 (Add. Def's Mot. for Summ. J., Doc. 59, ¶ 2; Add. Def. Kurt Carter's Concise Statement of Mat. Facts, Doc. 61, at ¶ 1).

The lease for the ski chalet was drafted by John Cacciutti and his attorney and signed by Carter (Doc. 61, at ¶ 4, 5).[1] Because the executed lease has not been produced, the lease in evidence identifies Terry Cacciutti as the lessor but does not list Carter or anyone else as the lessee (Doc. 59, at ¶ 10; Doc. 61, at ¶ 8; Response to Kurt Carter's Concise Statement of Mat. Facts, Doc. 64, at ¶ 8). At deposition, Carter testified that he cannot recall the specific terms of the signed lease and does not remember reading an exculpatory or indemnity clause (Doc. 59, at ¶ 28). John Cacciutti testified that he has made modifications to the lease, although he never spoke to any changes in the indemnity clause (Doc. 14, at ¶ 14; Doc. 63, at ¶ 14).

On January 30, 2011, Plaintiff alleges that she slipped and fell on snow and ice located on the driveway of the property (Doc. 30, at ¶ 10). She filed a complaint against Defendants Cacciutti, Plaza Properties, Corp., Warren and Pat Toder, Paul Benesz, and SCI Janitorial Services, Inc. for negligence in failing to clear the ice and snow from the driveway, and breach of contract for failure of Defendants to clear the ice and snow as they

---

[1] While none of the parties has produced the executed lease agreement and there is a dispute as to the contents of the signed agreement, all parties agree that Carter signed some form of a rental agreement.

2

agreed to do in the lease (Doc. 59, at ¶¶ 4, 5). Defendants Cacciutti subsequently filed a joinder complaint and assert that by signing the lease, Carter indemnified the defendants for injuries and damages stemming from slip and falls on the premises (Doc. 59, at ¶¶ 6, 9).

### III. Standard of Review

Through summary adjudication, the court may dispose of those claims that do not present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir.1990). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's,

3

then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912, 113 S. Ct. 1262, 122 L. Ed. 2d 659 (1993).

## IV. Statement of Disputed Facts

In accordance with the summary judgment standards explained in Section III, *supra*, it is clear that several genuine disputes of material fact exist in this case that cannot be resolved on summary judgment. Because this is Defendant Carter's motion for summary judgment, the Court must draw all reasonable inferences in favor of the Defendants.

In summary, the material facts that remain in dispute are as follows:

1. *Whether the lease offered into evidence has been materially altered in any way.*

Here, the most obvious and glaring issue of material fact is the contents of the missing signed lease between Defendants and Carter. The defendants' entire action against Carter depends on the contents of this missing lease, and in the absence of this executed lease, the Court clearly cannot determine whether the signed lease has the same material provisions as the unsigned lease dated April 6, 2011 (Doc. 30, Ex. A) and therefore grant summary judgment.

In the absence of the original writing, other evidence of the writing's contents is admissible if the originals are lost or destroyed and this has not occurred in bad faith. FED. R. EVID. 1004. In such a case, the jury must determine whether the other evidence of

4

content that is offered accurately reflects the content of the original writing, and the intention of both the Cacciuttis and Carter to be bound by its terms. *Id.* at 1008.

There is no dispute that Carter signed a rental agreement for the Cacciuttis' property (Doc. 61, at ¶ 4). However, no party has been able to produce this signed agreement. The only lease agreement on the record is dated April 6, 2011, over two months after Plaintiff's alleged slip and fall. Carter testified that he reviewed his signed lease agreement prior to mailing it, but is unable to confirm whether or not the signed agreement is the same as the April 6, 2011, lease and does not remember reading an exculpatory or indemnity clause in the agreement (Doc. 59, at ¶ 28; Dep. of Kurt Carter, at 20). John Cacciutti testified that since 2007, he has modified the lease, although he never speaks directly to any modifications in the indemnity clause (Dep. of John Cacciutti, at 22-24). In the absence of a consensus regarding the terms of the original lease, a jury must determine whether the contents of the unexecuted lease accurately reflect those of the lease signed by Carter. In particular, whether Appendix "A" and the indemnification clause therein, of the April 6, 2011, unsigned lease, was an agreed upon term of the missing lease between Carter and the Cacciuttis is an issue of fact that cannot be resolved on summary judgment. While this ground alone is clearly sufficient to deny Defendants' motion in its entirety, the Court also finds it necessary to point out other factual issues that a jury must decide.

*2. Whether the indemnification provision is sufficiently unambiguous such as to indemnify the Cacciuttis.*

Even assuming that the unexecuted lease offered into evidence is the same as the one signed by Carter, questions remain regarding the extent to which any of the exculpatory provisions indemnify the Defendants.

An exculpatory clause is valid if (1) the clause does not contravene public policy; (2) the contract is between persons relating entirely to their own private affairs; and (3) each party is a free bargaining agent to the agreement so that the contract is not one of adhesion. *Chepkevich v. Hidden Valley Resort, L.P.*, 2 A.3d 1174, 1189 (Pa. 2010) (citing *Princeton Sportswear Corp. v. H & M Associates*, 507 A.2d 339 (Pa. 1986)). However, a valid exculpatory clause will nevertheless be unenforceable "unless the language of the parties is clear that a person is being relieved of liability for his own acts of negligence." *Chepkevich*, 2 A.3d at 1189. Contracts against liability for negligence are not favored by law and therefore established standards must be met before "the exculpatory provision will be interpreted and construed to relieve a person of liability for his own or his servants' acts of negligence." *Dilks v. Flohr Chevrolet, Inc.*, 192 A.2d 682, 687 (Pa. 1963). These standards require that (1) the court strictly construe the contract language; (2) the contract state the parties' intentions with the greatest particularity and expressed in unequivocal terms; (3) in cases of ambiguity, the contract must be construed against the party seeking immunity from

liability; and (4) the party invoking the clause's protection has the burden of establishing the immunity. *Id.*; *Chepkevich*, 2 A.3d at 1189.

Defendants' reliance on Appendix "A" of the lease raises several factual issues. This provision is arguably placed within the "Master Bedroom Jacuzzis" section of the Appendix and a jury would have to determine if the parties to this putative lease intended its applicability to be so limited. Further, a jury must determine whether the provision's language indemnifying the landlord and holding him harmless "from any and all claims for injuries, costs and damages as a result of the tenancy, including but not limited to slip and fall on ice and snow" was intended to, and does, operate to relieve the defendants of liability for their own acts of negligence.

The language in Appendix "A" may also fail due to a lack of clear and unequivocal terms spelling out the parties' intent to grant the immunity herein claimed. Because the Court finds this provision, as well as other parts of the contract, contain ambiguities, a jury must determine whether this indemnification provision, and other indemnification and exculpatory provisions throughout the contract, are stated with sufficient particularity so as to indemnify the defendants. Consequently, summary judgment based on indemnification is inappropriate.

## V. Conclusion

For the foregoing reasons, the Court will deny Defendant Carter's Motion for Summary Judgment (Doc. 59). A separate Order follows.

_____
Robert D. Mariani
United States District Judge